UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
§
Earle Lecki § Case No. 13-11669
Christine Lecki §
§
§
Debtor(s) §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]          $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/DAVID R. BROWN_____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-11669 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | Earle Lecki | | | | Date Filed (f) or Converted (c): | 03/22/2013 (f) |
| | Christine Lecki | | | | 341(a) Meeting Date: | 04/16/2013 |
| For Period Ending: | 04/01/2014 | | | | Claims Bar Date: | 11/19/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 134 Crabtree Drive Westmont, Il 60559 | 150,219.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account - West Suburban Bank, Darien, Il | 8.61 | 0.00 | | 0.00 | FA |
| 3. Bedroom Set - Bed, Dressor, Night Stand | 300.00 | 0.00 | | 0.00 | FA |
| 4. Wedding Rings | 200.00 | 0.00 | | 0.00 | FA |
| 5. 2012 Tax Refund | 1,924.24 | 0.00 | | 0.00 | FA |
| 6. 1998 Volkswagon Golf- 128,000 | 1,229.00 | 0.00 | | 0.00 | FA |
| 7. 2007 - Dutchman 31-P | 49,995.00 | 40,956.85 | | 42,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $203,875.85    $40,956.85    $42,000.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Claims to be reviewed after claims bar date has run and objections filed thereto if necessary. Final Report will then be filed.

Initial Projected Date of Final Report (TFR): 03/14/2014    Current Projected Date of Final Report (TFR): 01/15/2014

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 13-11669 | Trustee Name: DAVID R. BROWN | |
| Case Name: Earle Lecki | Bank Name: The Bank of New York Mellon | |
| Christine Lecki | Account Number/CD#: XXXXXX7500 | |
| | Checking | |
| Taxpayer ID No: XX-XXX0322 | Blanket Bond (per case limit): $5,000,000.00 | |
| For Period Ending: 04/01/2014 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/15/13 | | HomeTown RV<br>110 E North Avenue<br>Carol Stream, IL 60188 | sale of rv | | $36,300.00 | | $36,300.00 |
| | | | Gross Receipts         $42,000.00 | | | | |
| | | HomeTown RV<br>110 E. North Avenue<br>Carol Stream, IL | commission           ($4,200.00) | 3610-000 | | | |
| | | HomeTown RV<br>110 E North Avenue<br>Carol Stream, IL | expenses of sale       ($1,500.00) | 3620-000 | | | |
| | 7 | | 2007 - Dutchman 31-P    $42,000.00 | 1129-000 | | | |
| 09/09/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $22.63 | $36,277.37 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $52.19 | $36,225.18 |
| 10/23/13 | 1001 | Earle Lecki & Christine Lecki<br>134 CRAB TREE DRIVE<br>WESTMONT, IL  60559 | satisfy exemption claim | 8100-002 | | $9,038.15 | $27,187.03 |
| 11/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $53.86 | $27,133.17 |
| 12/06/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $39.04 | $27,094.13 |
| 01/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $40.28 | $27,053.85 |
| 02/04/14 | 1002 | INTERNATIONAL SURETIES, LTD.<br>Suite 420<br>701 Poydras St<br>New Orleans, LA 70139 | bond premium | 2300-000 | | $40.00 | $27,013.85 |
| 02/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $40.22 | $26,973.63 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 4)*         Page Subtotals:         $36,300.00         $9,326.37

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $36,300.00 | $9,326.37 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $36,300.00 | $9,326.37 |
| Less: Payments to Debtors | $0.00 | $9,038.15 |
| Net | $36,300.00 | $288.22 |

Exhibit B

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7500 - Checking | $36,300.00 | $288.22 | $26,973.63 |
| | $36,300.00 | $288.22 | $26,973.63 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $5,700.00 |
| Total Net Deposits: | $36,300.00 |
| Total Gross Receipts: | $42,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-11669  
Debtor Name: Earle Lecki  
Claims Bar Date: 11/19/2013  

Date: April 1, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | DAVID R. BROWN<br>400 SOUTH COUNTY FARM ROAD<br>WHEATON, IL 60187 | Administrative | | $0.00 | $4,046.19 | $4,046.19 |
| 100 3110 | SPRINGER BROWN, LLC<br>400 South County Farm Road<br>Suite 330<br>Wheaton, IL 60187 | Administrative | | $0.00 | $1,971.00 | $1,971.00 |
| 1 300 7100 | Nordstrom Fsb<br>P.O. Box 6566<br>Englewood, Co 80155 | Unsecured | | $0.00 | $12,852.46 | $12,852.46 |
| 2 300 7100 | N. A. Capital One<br>Capital One, N.A.<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $1,738.35 | $1,738.35 |
| 3 300 7100 | American Infosource Lp As Agent For<br>Verizon<br>Po Box 248838<br>Oklahoma City, Ok 73124-8838 | Unsecured | | $0.00 | $151.51 | $151.51 |
| 4 300 7100 | AMERICAN EXPRESS CENTURION BANK<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $0.00 | $6,264.11 | $6,264.11 |
| 5 300 7100 | AMERICAN EXPRESS CENTURION BANK<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $0.00 | $14,350.77 | $14,350.77 |
| 6 300 7100 | AMERICAN EXPRESS CENTURION BANK<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $0.00 | $16,954.45 | $16,954.45 |
| | Case Totals | | | $0.00 | $58,328.84 | $58,328.84 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-11669
Case Name: Earle Lecki
  Christine Lecki
Trustee Name: DAVID R. BROWN

Balance on hand                                                                $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID R. BROWN | $ | $ | $ |
| Attorney for Trustee Fees: SPRINGER BROWN, LLC | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance                                          $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Nordstrom Fsb | $ | $ | $ |
| 2 | N. A. Capital One | $ | $ | $ |
| 3 | American Infosource Lp As Agent For | $ | $ | $ |
| 4 | AMERICAN EXPRESS CENTURION BANK | $ | $ | $ |
| 5 | AMERICAN EXPRESS CENTURION BANK | $ | $ | $ |
| 6 | AMERICAN EXPRESS CENTURION BANK | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $          have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be          percent.

Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE